SUMMARY ORDER
Plaintiff-counter-defendant-appellant Benny Curry appeals from an August 26, 2003 judgment, entered pursuant to a jury verdict in favor of defendant-counter-claimant-appellee Chad Lynch, in this action brought under 42 U.S.C. § 1983 for false arrest and excessive force. Curry also appeals from an August 3, 2004 order denying his motion under Rule 60 of the Federal Rules of Civil Procedure for a new trial. We assume the parties’ familiarity with the underlying facts, the procedural history, and the issues on appeal.
Curry argues that the jury’s verdict in favor of Lynch was contrary to the evidence establishing false arrest as a matter of law. As Curry concedes, he failed to preserve this issue by not filing a post-verdict Rule 50(b) motion, and we will therefore consider this challenge only (1) if the District Court indicated that the motion need not be filed or (2) “to prevent a manifest injustice in cases where a jury’s verdict is wholly without legal support.” Jacques v. DiMarzio, Inc., 386 F.3d 192, 199 (2d Cir.2004) (internal quotation marks and alteration omitted). Curry does not argue, nor does the record indicate, that the District Court relieved Curry of his obligation to file a Rule 50(b) motion. Instead, Curry asserts that, based on the evidentiary record in this case, it would be a “manifest injustice” to allow the jury’s verdict to stand.
We disagree. Lynch testified that, upon responding to a report of gunfire in a high crime area, he observed Curry in that area; Curry appeared to be nervous and immediately fled from Lynch, who was driving a marked police car; Curry ignored Lynch’s repeated requests that he stop; when capture was imminent, Curry reached for his right sock and appeared to discard something that had been contained within that sock; and Curry resisted *65 Lynch’s attempts to detain him by punching Lynch repeatedly. J.A. 358-60, 383-85. This evidence was more than sufficient to support the jury’s conclusion that Curry was not arrested falsely. Curry’s conduct provided Lynch with “reasonable suspicion ... of criminal activity” justifying an investigative stop, United States v. Muhammad, 463 F.3d 115, 121 (2d Cir.2006), and, when Curry resisted Lynch’s efforts to detain him by punching Lynch, Lynch had probable cause to make an arrest, see United States v. Baldwin, 496 F.3d 215, 220 (2d Cir.2007). The subjective beliefs of Lynch are wholly irrelevant to the question of whether probable cause justified Curry’s arrest. Zellner v. Summerlin, 494 F.3d 344, 369 (2d Cir.2007) (“[A]n officer’s subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause.” (internal quotation marks and citation omitted)). Because the jury’s verdict is far from being “wholly without legal support,” we reject Curry’s argument that “manifest injustice” excuses his failure to file a Rule 50(b) motion.
Curry also urges that implied juror bias infected the verdict in this case, warranting a new trial or, in the alternative, a factual hearing on the matter. “Implied or presumed bias is ‘bias conclusively presumed as a matter of law.’ It is attributed to a prospective juror regardless of actual partiality.... [T]he issue for implied bias is whether an average person in the position of the juror in controversy would be prejudiced.” United States v. Torres, 128 F.3d 38, 45 (2d Cir.1997) (quoting United States v. Wood, 299 U.S. 123, 133, 57 S.Ct. 177, 81 L.Ed. 78 (1936)). Circumstances giving rise to implied bias are quite rare, as this form of bias “deals mainly with jurors who are related to the parties or who were victims of the alleged crime itself.” Id.; see also id. at 46 (2d Cir.1997) ( “[T]he narrow category of presumed bias ... is reserved for ‘exceptional situations.’ ”). In Curry’s view, one juror was tainted by implied bias because he owned a printing business that allegedly did “tens of thousands of dollars in business” with defense counsel — ie., Corporation Counsel for the City of Syracuse — on an annual basis. Appellant’s Br. 22. Assuming the truth of Curry’s allegations, we conclude without difficulty that this type of business relationship would not prejudice an average person against Curry’s case. Accordingly, we agree with the District Court’s conclusion that this relationship between the juror and the Corporation Counsel “is too attenuated” to constitute implied bias. Mem. Decision and Order dated Aug. 3, 2004, Special App. 9. Because we reach this conclusion by assuming the truth of the facts alleged by Curry, there is no reason to remand he cause for a hearing on bias, and Curry’s application to do so is therefore rejected.
Having considered all of appellant’s arguments on appeal and concluding that all of them lack merit, we AFFIRM the judgment and order of the District Court.